MATTHEW A. LESNICK (SBN 177594)
matt@lesnickprince.com
CHRISTOPHER E. PRINCE (SBN 183553)
cprince@lesnickprince.com
DEBRA E. POLLOCK (SBN 272087)
dpollock@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
185 Pier Avenue, Suite 103
Santa Monica, CA 90015
Telephone: (213) 493-6496
Facsimile: (213) 493-6596

Proposed Special Litigation Counsel for Wesley H. Avery, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re

BOARDBROKERS, INC.

Debtor.

WESLEY H. AVERY, solely in his capacity as Chapter 7 Trustee for Boardbrokers, Inc.

Plaintiff,

v.

AMERICAN LUMBER COMPANY, a California corporation

Defendant.

Case No. 2:13-bk-38034-NB

Chapter 7

Adv. No.: ______________________

**COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS; AND (2) DISALLOWANCE OF CLAIM**

[Status Conference to be Set by Court]

Wesley H. Avery, solely in his capacity as chapter 7 trustee for Boardbrokers, Inc. ("Plaintiff" or the "Trustee") alleges:

**JURISDICTION AND VENUE**

1. This Complaint commences an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001. Pursuant to 28 U.S.C. §§ 1334 and 157 and the General Order of the United States District Court of the Central District of California referring all matters relating to bankruptcy to the bankruptcy judges, this Court has jurisdiction over this adversary proceeding, which arises in and relates to a case under Title 11. This adversary proceeding is a "core" proceeding, which this Court may hear and determine, within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (F), and (O).

2. Venue for this adversary proceeding properly lies in this judicial district pursuant to 28 U.S.C. § 1409.

3. This Court has jurisdiction to adjudicate the issues raised in this adversary proceeding by virtue of 28 U.S.C. § 1334.

**THE PARTIES**

4. Plaintiff is the duly-appointed chapter 7 bankruptcy trustee for Boardbrokers, Inc. (the "Debtor"). On November 22, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor sold pre-finished and unfinished wood interior and exterior building materials. On January 8, 2014, the Court entered its order converting this case to Chapter 7. On the same day, the Trustee was duly appointed to serve as the chapter 7 trustee of this estate. The Trustee has acted as either the chapter 11 trustee or the chapter 7 trustee since that time.

5. Plaintiff is informed and believes and alleges that Defendant American Lumber Company ("Defendant") is a corporation organized under the laws of

the State of California and that, at all relevant times, Defendant engaged in extensive business activity in Los Angeles County, California.

**FIRST CLAIM FOR RELIEF**
**[To Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 Against The Defendant]**

6. Plaintiff realleges and incorporates by reference paragraphs 1 through 5.

7. Within the 90 days prior to the Petition Date (the “Preference Period”), the Debtor made one or more transfers of property to or for the benefit of Defendant including the following (collectively, the “Preferential Transfers”):

| Date | Check No. | Amount |
|---|---|---|
| 8/27/2013 | 50420 | $2,067.15 |
| 9/10/2013 | 50449 | $9,869.08 |
| 9/11/2013 | 50455 | $4,567.70 |
| 9/12/2013 | 50460 | $5,389.20 |
| 9/13/2013 | 50462 | $2,410.80 |
| 9/19/2013 | 50486 | $4,925.70 |
| 9/27/2013 | 50506 | $8,227.10 |
| 9/27/2013 | 50505 | $2,828.00 |
| 9/30/2013 | 50509 | $5,671.38 |
| 9/30/2013 | 50512 | $4,211.48 |
| 9/30/2013 | 50509 | $3,415.25 |
| 10/7/2013 | 50528 | $1,310.10 |
| 10/11/2013 | 50533 | $7,641.75 |
| 10/15/2013 | 50537 | $5,350.80 |
| 10/22/2013 | 50424 | $7,173.14 |
| 10/28/2013 | 50511 | $8,560.53 |
| 10/28/2013 | 1991 | $3,261.18 |

| | | |
|---|---|---|
| 10/29/2013 | 50556 | $7,210.80 |
| 11/18/2013 | 2012 | $2,733.30 |
| | | **$96,824.44** |

8. Plaintiff will amend this Complaint to include additional transfers if and when he discovers any additional Preferential Transfers.

9. Defendant was a creditor of the Debtor at the time of the Preferential Transfers.

10. The Preferential Transfers were to or for the benefit of Defendant.

11. The Preferential Transfers were made for or on account of an antecedent debt owed by the Debtor to Defendant before such Preferential Transfers were made.

12. The Preferential Transfers enabled Defendant to receive more than it would have received in a case under chapter 7 of the Bankruptcy Code if the Preferential Transfers had not been made, and if Defendant had received payment of such debt to the extent provided by the Bankruptcy Code.

13. The Debtor was insolvent at the time of the Preferential Transfers.

14. Pursuant to § 547(b) of the Bankruptcy Code, Plaintiff may avoid the Preferential Transfers and, pursuant to § 550(a) of the Bankruptcy Code, may recover the property transferred or its equivalent cash value from Defendant.

**SECOND CLAIM FOR RELIEF**
**[Objection to Claim – 11 U.S.C. § 502(d); Fed.R.Bank.P. 3007]**

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 14.

16. As of the date of this Complaint, Defendant has not filed a proof of claim in the Debtor's bankruptcy case and was not listed as a creditor in the Debtor's schedules. However, Defendant may still attempt to file or assert a claim (the "Claim").

17. The Claim must be disallowed pursuant to 11 U.S.C. § 502(d) because Defendant received the Preferential Transfers which are avoidable under 11 U.S.C. § 547 and recoverable under 11 U.S.C. § 550, and Defendant has not paid to the estate the amount for which Defendant is liable under 11 U.S.C. § 550.

Based on the above allegations, Plaintiff prays as follows:

1. For a judgment decreeing that the Preferential Transfers are avoidable transfers which may be recovered by Plaintiffs for the benefit of the bankruptcy estate;

2. For a judgment disallowing all claims of Defendant against the Debtor unless and until all avoidable preferential transfers are turned over to the estate.

3. For interest at the legal rate;

4. For Plaintiffs' reasonable costs and attorneys' fees in this action; and

5. For such other and further relief as the Court deems just and proper.

DATED: November 21, 2015

LESNICK PRINCE & PAPPAS, LLP

By: /s/ Matthew A. Lesnick
Matthew A. Lesnick
Proposed Special Litigation Counsel for Plaintiff Wesley H. Avery as Chapter 7 Trustee

B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>WESLEY H. AVERY, solely in his capacity as Chapter 7 trustee for Boardbrokers, Inc. | **DEFENDANTS**<br>AMERICAN LUMBER COMPANY, a California corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Matthew A. Lesnick, Lesnick, Prince & Pappas LLP<br>185 Pier Avenue, Suite 103, Santa Monica, CA 90015<br>(213) 493-6496 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Preferential Transfer, 11 U.S.C. sections 547, 550; Objection to Claim 11 U.S.C. section 502(d), Fed R. Bankr. P. 3007

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☑ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 96,824.44 |

Other Relief Sought

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>Boardbrokers, Inc. | BANKRUPTCY CASE NO.<br>2:13-bk-38034-NB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Neil W. Bason |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Matthew A. Lesnick | | |
| DATE<br>November 21, 2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Matthew A. Lesnick | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.